Reese, J.
delivered the opinion of the court.
The defendant, in Error, in January 1841, intermarried with the Testatrix of the plaintiff in Error, and entered into a marriage agreement with her, by which her separate property, amounting to about $20,000 was settled upon her for her sole and separate use. A petition for divorce, and to be revested with all her property, absolutely, was filed by the Testatrix in the Chancery Court for the County of Sumner, and pending said suit, a compromise between the parties, so far as related to the property of the wife, was entered into by the husband and certain Trustees on the part of the wife, by which the husband conveyed, of said trust property, about $8000 to the Trustees of the wife, and this in consideration of being permitted to remain absolute owner of the balance of said trust fund, and to be free from the debts of the wife, and from all liability to support and maintain the wife. In the meantime, the suit for a divorce was to be proceeded in by the Chancery Court of said county, and it was agreed by said parties in said deed of compromise that said deed, and all its stipulations, should be returned to the next term of the Chancery Court, and should become the decree of said Chancery Court, as to the rights of the parties in relation to said property.
Before said Chancery Court was held, the said Elizabeth O. Spiers departed this life, having first made and published her last will and testament, as she was expressly authorised to do by a stipulation of said deed of compromise. She appointed Alfred R. Wynne, the plaintiff in error, her executor, and he took upon himself the said office. When the Chancery Court was held in the October following, the death of Mrs.Spiers, was suggested in said case, and admitted, and by consent of parties, the same was revived against the said executor, and the said deed of compromise, by like consent formally set forth at length, and made the decree of the Court in the said suit. Subsequently to all these proceedings, the said Charles Spiers, the husband, filed his petition in the County Court; praying that the probate of said last will and testament might be set aside, and that the executor in said will might be compelled to repro- *406 pound said instrument for probate, and that said original instrument should be certified to the Circuit Court, in order than an issue of devisavit vel non might be there made up between the parties, to try the validity of said instrument according to the course by law directed in such cases. The setting aside the probate, and the repropounding of the instrument, and the sending it up to the Circuit Court, were opposed by the executor, on the ground of the marriage settlement and the stipulations therein contained, on the ground of the deed of compromise of 1844, and on the ground of the revival of the suit, and the decree thereupon rendered pursuant to the said deed of compromise. The judgment or sentence of the County Court in the premises was, that the said probate should be set aside, that said instrument should be repropounded, and be certified to the Circuit Court for an issue of devisavit vel non to be there made up and tried. — From this judgment or sentence the executor prayed and prosecuted his appeal to the Circuit Court. In that Court, the Executor, upon the grounds stated in opposition to the action of the County Court, moved the Circuit Court to quash the proceedings of the. County Court and opposed a reprobate of the instrument, or the making up an issue for such purpose. — But the Circuit Court refused to quash the proceedings of the County Court, and ordered said issue to be made up and tried' — from this judgment or sentence of the Circuit Court, the executor has prosecuted his appeal in error to this court, and here two general questions present themselves for discussion — first, whether the judgment and sentence of the County Court, that the probate should be set aside and a reprobate take place, constituted a valid ground for appeal to the Circuit Court, and whether the rendition of such judgment or sentence in the Circuit Court, will sustain an appeal in error to this court; and if it will, was the action of the County and Circuit Courts erroneous or otherwise?
As to the first question, whether an appeal lies in such cases, the counsel for the plaintiff in error, refer to the act of 1794, ch. 1, sec. 63, which gives an appeal from any sentence, judgment or decree of the County Court, and the still broader provisions of the act of 1844, ch. 99, sec. 1, which gives an ap *407 peal to any person, who may consider himself aggrieved by any decree or decision of the County Court, and on the other side the act of 1811, ch, 72, sec. 11, which gives an appeal to this court from a final judgment, is relied on; the question is new in this State, and involves an inquiry into the nature of this preliminary trial. Our statutes, very briefly indeed, prescribe the mode of proceeding in the case, when a will is propounded for probate and its probate contested, but when it has been proved and recorded, and it is intended to set aside such probate and have the will repropounded, and its validity investigated in an issue of devisavit vel non, no mode whatever is prescribed and the statute seems silent as to such a case. It is well settled that V it is not a matter of course to set aside the probate and re-pro-batdthe will; it would be of most, mischievous consequence if it were so; a stranger will not be permitted to disturb the existing probate; a kinsman, who is not the nearest of kin, and who could take nothing under the statute of distributions, if there' were no will, shall not disturb it: the next of kin, duly notified by the executor to attend and witness the proceedings on the first probate, shall not disturb it, and other cases might be sup-^ posed. If any thus situated, present themselves to the County Court, and move to set aside the probate, and on a contest there this be ordered and decreed, why- shall not the executor be ' permitted to appeal from the final sentence as to this matter of controversy. Why compel him to-have the trusts of .the will delayed and everything thrown into confusion, and perhaps the will itself held to be invalid, in behalf of a stranger who can take nothing under the will? The principal contest itself, as to the validity of the instrument, is a proceeding of a very peculiar kind, of the nature of a proceeding in rem, and often leaves the rights of property or the questions of which are entitled under the will, to be settled by many a future suit. To set aside a probate and have this peculiar proceeding ordered, is, itself, a distinct matter of preliminary investigation, constituting the corpus of a legal contestation, proper to be settled finally, before the issue of devisavit vel non be. tried, and it does not so incorporate and blend itself with the subsequent proceeding, if one should take place, as not to be separated from it, and to be *408 distinctly disposed of. This same question came under the consideration of that enlightened and able jurist, Judge Gaston, in the case of Harvey vs. Smith, 1 Dev. & Bat., Law Rep., 190; he says it has been usual to appeal from such decisions, and it has never been disapproved of; there are obvious conveniencies in such a practice, for if the adjudication be erroneous, it may be reversed, without either party incurring the expense of witnesses upon the issue. It comes within the construction of the act of 1777, which allows an appeal to the Superior Court, to either party, plaintiff or defendant, when dissatisfied with the sentence, judgment or decree of the County County. It is a sentence materially affecting the subject matter of contestations; in form, final, upon the point decided; and which the party dissatisfied ought to have an opportunity of reviewing in the appellate tribunal, before it leads to further mischief. In the case before Judge Gaston, the struggle was to maintain the power of the appellate court to decide this preliminary cause, in the principal cause, where no appeal had been taken upon it separately. The power to do so, was, indeed, asserted, but with decided preference in favor of the preliminary appeal, and if this can be done in North Carolina, a fortiori here, for the preliminary matter is all that is before the County Court; it cannot try the issue of demsavit vel non; it cannot make it up; it only certifies the original will; the contest for setting aside the probate and repro-pounding the will is the whole contest, the only contest that can be before that tribunal; when it disposes of this, it disposes of all; its action is final, in every sense of that term. In N. C. the issue of devisavit vel non is tried in the County Court. We are of opinion therefore, that the sentence and judgment of the County Court were such, in the present case, as that an appeal will lie to the Circuit Court.
2nd. Ought the Circuit Court to have set aside and quashed the proceedings of the County Court, upon any of the grounds referred to? In other words, was the husband, under the circumstances, entitled to set aside the probate and have a re-probate of his wife’s will? He was not a stranger. On the contrary, the situation in which he stood to the testatrix, prima facie, entitled him to have her will re-propounded. What then shall *409 preclude him taking such a course? It is said the stipulations of the deed of marriage settlement of 1844, are such in point of legal effect, as to exclude him from the succession to her separate property, even if she had made no will. We think this is very probably so. But we should hesitate to give to these instruments, in this incidental way, the effect claimed for them, of preventing an issue upon the validity of the will, at the instance of one whose relations to the testatrix gave to him the apparent right to make up such issue. But we feel constrained to give a larger operation to the decree of the Chancery Court at its Oct. Term, 1844. The form and matter of this decree, are alike an estoppel against the husband disputing the will of the wife, or obtaining a re-probate of the same. It appears from the said decree that the suit was revived against the executor of Mrs. Spiers. The husband was the actor, and for good reason, for he had an interest to set up the deed of compromise of 1844, rather than the marriage settlement of 1840; if the latter had been construed to be his succession to the wife’s estate on behalf of her next of kin, he would have had to pay, not the fund of $8000, but the $20,000. The excessive abre-viation of all our forms must not be permitted to impair or destroy the legal effect of what may be done; that continues the same, as if the forms were as full as in former times. Suppose, by petition or bill, the husband, for the purpose of causing the deed of 1844 to be made the decree of the Court, according to one of its stipulations, had after the death of the wife, revived the suit, with same regard to forms. He would have alledged the agreement, the death of the wife, that she had duly made and published her last will and testament, and appointed thereof, Albert R. Wynne, her executor, that he had had due probate made of the same and had been qualified as executor, and taken upon himself the burthen of that office. And upon a copy of said bill or petition being served upon him, he would have come into court and agreed that all these things were true. This is the legal effect of what was done, and the estoppel is as complete, as if these forms had been pursued. Shall the husband, nowbe permitted to escape from this decree, from his solemn averment,- of record, that a last will and testa *410 ment had been duly made, published and proved, and be allowed to set aside said probate? We are clear that he shall not be so permitted.
The matter of estoppel, from the fact, from the substance and from the form of said decree of revivor and final decree, as much precludes the husband from having the will propounded for a re-probate, as if, in the life of the wife, there had been a divorce a vinculo, or as if the marriage had never taken place, and he had been an entire stranger.
The judgment, therefore, of the Circuit Court must be reversed, and this court proceeding to give such judgment as the Circuit Court ought to have given, set aside and quash all the proceedings of the County Court.